(47 App. Div. 552.)

### PEOPLE ex rel. TUCKER v. YORK et al.

(Supreme Court, Appellate Division, First Department. . February 9, 1900.) .

MUNICIPAL CORPORATIONS — OFFICERS — DISCHARGE—REINSTATEMENT—CERTIORARI—LIMITATION.

Code Civ. Proc. § 2125, authorizes certiorari to review the action of any board, etc., if brought within four months after judgment; and Greater New York Charter, § 302, provides that a policeman discharged from the force may bring suit to compel his reinstatement, within two years after his discharge. *Held*, that certiorari by a policeman of the village of Far Rockaway, removed by the village trustees before its annexation to the city of New York, to· compel his reinstatement, was barred after four months, since the charter limitation did not apply until after the incorporation.

Certiorari by the people, on relation of Milton T. Tucker, against Bernard J. York and others, police commissioners, to review relator's dismissal from the police force of the village of Far Rockaway. Dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Robert L. Redfield, for relator.
William B. Crowell, for respondents.

BARRETT, J. The relator was dismissed upon the 20th day of December, 1897. He did not initiate this proceeding until December, 1898. The respondents, in their return, pleaded his failure to sue out the writ within four months after the dismissal. The relator concedes that at the time of his removal the period of limitation was four months. Code Civ. Proc. § 2125. He contends, however, that, as the village of Far Rockaway was annexed to the city of New York on the 1st day of January, 1898, his time to sue out the writ was, under the charter of the present city, extended to two years. Laws 1897, c. 378, § 302. This latter section is practically identical with section 272 of the consolidation act, relating to the former city of New York. Laws 1882, c. 410, § 272, as amended by Laws 1884, c. 180, § 7. It undoubtedly continues the two-years limitation, which has been specially applicable to police officers in that city since 1884. The question is, does the relator's case come within its provisions?

When the new charter went into effect, the relator was not upon the police force of the village of Far Rockaway. He had been dismissed from it, and the statutory four months applicable to his situation were then running as against him. We think that the two-years limitation of the new charter was intended to apply only to officers of the former city, who were already subject to the like provision of the consolidation act, and to officers of other localities after they were brought into the new municipality, and made members of its police force. See §§ 273, 276–280. If the relator had been a member of the police force of Far Rockaway upon the 1st day of January, 1898, and had thereupon become a member of the police force of the present city, under section 280 of the new charter he would doubtless, in case of dismissal thereafter, have been entitled to the benefit of the two-years limitation. But there is nothing in the new charter making its provisions on that head applicable to officers who, when it went into effect, were outside the purview of the consolidation act, and whose time limitation was regulated by the general law. As to them, the charter is a distinctly new enactment, while as to the members of the police force in the former city of New York it is continuous. Section 1608. This construction is fortified by the provisions of sections 4 and 1614 of the present charter. The former, it is true, relates only to liabilities of the constituent parts of the consolidated city, but it clearly indicates the purpose to limit rights enforceable against the new city to the precise liabilities of such constituent parts. Section 1614, however, is literally in point. It premises by declaring that no right or remedy of any character shall be affected by reason of the act. Then follows this language:

"This act shall not affect or impair any act done, or right accruing, accrued or acquired, or penalty, forfeiture or punishment incurred prior to the time when this act takes effect, or by virtue of any laws repealed or modified by this act, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if this act had not been passed or said laws had not been repealed or modified."

There can be no doubt that the intention throughout was to leave officers in the constituent localities, who had been dismissed prior to the 1st day of January, 1898, to the operation of existing laws, whether general or special, applicable to their particular cases and situations, and at the same time to provide harmoniously and equally for the future; thus bringing the entire body, when legislated into the new city, within the area of one general rule of limitation.

The writ must be dismissed, and the proceedings affirmed, with costs. All concur.